## Case No. 15,113.

UNITED STATES v. FIVE HUNDRED AND EIGHT BARRELS OF DISTILLED SPIRITS.

[5 Blatchf. 407;[1] 5 Int. Rev. Rec. 190.]

Circuit Court, E. D. New York. June 10, 1867.

INTERNAL REVENUE—ILLEGAL REMOVAL OF SPIRITS — PERMIT OF COLLECTOR — SEIZURE — NEW TRIAL—FORM OF TESTIMONY TAKEN.

1. Under an information, on a seizure of distilled spirits, under the 45th section of the internal revenue act of July 13, 1866 (14 Stat. 163), the burden of proof is on the claimant, to show that the spirits have been lawfully removed from the place where the same were distilled, or that they have been lawfully removed from the bonded warehouse of the. distillery, and that the taxes on them have been paid.

[Followed in U. S. v. Six Barrels of Distilled Spirits, Case No. 16,294. Cited in Boyd v. U. S., Id. 1,749.]

2. A permit of a collector, to transport such spirits from the bonded warehouse of the distillery to a general bonded warehouse, is not evidence of a compliance with the prerequisites to a removal of the spirits, required by the 38th and 40th sections of said act.

[Cited in Boyd v. U. S., Case No. 1,749.]

3. Where the claimant fails to show such compliance, the court may, on the trial of the case before the jury, properly dispose of it as involving simply questions of law.

4. The adoption by the government of a seizure under the internal revenue laws, cures any defect, in the competency to seize, of the person who made the seizure.

5. In making up a case, on which to move for a new trial, oral testimony taken at the trial by way of question and answer must be reduced to the form of a narrative, or the court will refuse to hear the motion.

[6. Cited in Coffey v. U. S., 116 U. S. 433, 6 Sup. Ct. 435, to the point that the circuit courts have jurisdiction in suits in rem for penalties and forfeitures arising under the internal revenue laws.]

This was an information against certain distilled spirits, seized on the 8th of January, 1867, for a violation of the internal revenue laws. At the trial, the court directed a verdict for the government [Case No. 15,114], and the claimant now moved for a new trial.

Benjamin F. Tracy, Dist. Atty., for the United States.

Sidney Webster, for claimant.

Before NELSON, Circuit Justice, and BENEDICT, District Judge.

NELSON, Circuit Justice. The charge in the information in this case is, "that the said spirits were removed from the place where the same were distilled, otherwise than into a bonded warehouse, as provided by law; and, further, that the said spirits were found elsewhere than in a bonded warehouse of the distiller of the said spirits, the same not having been removed from such warehouse according to law, and the tax imposed by law on the same not having been paid."

The 45th section of the act of July 13, 1866 (14 Stat. 163), provides, "that any person who shall remove any distilled spirits from the place where the same are distilled, otherwise than into a bonded warehouse as provided by law, shall be liable to a fine of double the amount of the tax imposed thereon, or to imprisonment for not less than three months. All distilled spirits so removed, and all distilled spirits found elsewhere than in a bonded warehouse, not having been removed from such warehouse according to law, and the tax imposed by law on the same not having been paid, shall be forfeited to the United States, or may, immediately upon discovery, be seized, and, after assessment of the tax thereon, may be sold by the collector for the tax and expenses of seizure and sale." In another part of the section, it is provided as follows: "And the burden of proof shall be upon the claimant of said spirits, to show that the requirements of law in regard to the same have been complied with." The 29th section of the act requires, that an inspector shall be appointed for every distillery established according to law, who shall inspect, gauge and prove all the spirits distilled, and shall take charge of the bonded warehouse attached to the distillery, which shall be in the joint custody of the inspector and owner. The 38th section requires the inspection, gauging and proving of the liquor, after the same has been drawn off into casks, &c., and the marking or branding of the casks, or barrels, in a particular manner; and no cask or barrel is to be taken from the warehouse unless it is branded in the manner prescribed. The 40th section provides that distilled spirits, inspected, gauged, proved and marked or branded, may be removed, without payment of the tax, from the bonded warehouse owned by the distiller, upon the execution of transportation bonds or other security, and may be transported to any general bonded warehouse used for the storage of distilled spirits, established under the internal revenue laws, and that, immediately after the arrival of such distilled spirits at the district of the collector to which they have been transferred, they shall be again inspected and placed in the bonded warehouse. The distilled spirits may be withdrawn from the bonded warehouse after being inspected, &c., and after payment of the tax, and, when so delivered, must be branded "U. S. Bonded Warehouse, Tax Paid;" or they may be removed from said warehouse without the payment of the tax, for the purpose of being exported, or for the purpose of being rectified, &c.; but the removal for rec-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

tification, &c., is allowed but once, and all spirits thus removed must be returned to the same warehouse and again inspected.

The five hundred and eight barrels, in the present case, were removed, as is claimed on the part of the defence, from the bonded warehouse of the distiller, in the city of Chicago, to a general bonded warehouse in the Third district of New York, C. C. Pratt, collector—the general bonded warehouse owned by John Croghan, in said district. The counsel for the claimant gave in evidence the permit of the deputy collector of Chicago, for the transportation of the whiskey from the bonded warehouse of the distillery to the general bonded warehouse in the Third district of New York, and insisted, that it furnished evidence of the regularity and sufficiency of all the preliminary steps to justify the removal. The prerequisites to a removal are: (1) The casks or barrels must be inspected, gauged, proved and marked or branded, as prescribed by law; and (2) the execution of a transportation bond or such other security as may be prescribed.

We are inclined to think that, upon the seizure of the goods for an alleged violation of the law, if the claimant relies upon a conformity with it, as a defence, he is bound to establish the affirmative by proof; and that it would be unreasonable, and not consistent with the rules of evidence, to call on the government to establish the negative. The means of furnishing the evidence are in the possession of the claimant. All the steps to be taken in order to justify a removal, as well as the removal itself, have been under his direction, or within his cognizance; and, especially are we bound to so hold, under the 45th section, which declares that the burden of proof shall be upon the claimant, to show that the requirements of the law have been complied with.

It was strongly argued, that the officer who seized the whiskey was not competent to seize within the particular district in which the article was found. But, without examining or deciding whether this be so or not, we are satisfied that the adoption of the seizure by the government cures any defect in this respect, which may have existed. Any person may make the seizure, as in the case of seizures under the customs, as the direction in this statute is no more specific than is the direction in that one, as to an officer of the customs being required to make the seizure, in case of a forfeiture.

The claimant wholly failed to show that he had complied with the requirements of the act, which he was bound to do, under the 45th section, and the court was, therefore, right in disposing of the case as involving simply questions of law.

There are other grounds upon which the verdict might be sustained, but we prefer placing the decision upon the one stated.

We feel bound to say, that the mode of making up the record of the evidence in this case, with a view to a motion for a new trial, is very objectionable. The whole of the testimony is taken by way of question and answer, and is carried along in detached parts, without much order, system or connection, so that is exceedingly difficult to make out of it the questions presented in the case. If the testimony at the circuit is taken this way, it should be reduced to the form of a narrative in the case made to be used on the motion for a new trial. In the Southern district, I have, in the circuit court, refused to hear such a motion in the form in which this case is presented. This is mentioned, that the error may not hereafter be repeated.

The motion for a new trial is denied.